SULLIVAN, Justice,
for the Court:
Edward Terrell, a prisoner at South Mississippi Correctional Institution, filed a Motion to Show Cause on July 7, 1989, in the Greene County Circuit Court alleging that he was denied state and federal constitutional rights when he was placed in administrative segregation. The lower court overruled the Motion on August 9, 1989, and Terrell appeals that decision.
I.
The events leading to the placement of Terrell in administrative segregation occurred on June 27, 1989, when two prison officials searched the belongings of Terrell while conducting a shakedown. One of the officials, Officer Frankie Breland, found two money orders concealed within the pages of a Time magazine in Terrell’s locker. Each money order was worth $700.00.
As a result of the find, Terrell was placed in administrative detention. The Detention Notice indicated that Terrell was being placed in administrative detention “pending investigation for (1) possession of two (2) altered money orders, (2) possible violation of institutional rules regarding alteration of money orders, and (3) possible violation of United States Codes regarding fraud, alteration and/or misuse of money orders.” Terrell’s personal belongings, including a T.V. and radio, were taken from him. He was limited to five hours a week to exercise and take showers and to one hour a week visitation with his family.
Terrell filed two grievances with prison officials while in administrative detention. In the first, he complained of the fact that his T.V. and radio were not returned to him. In the second, he alleged that he was being subjected to cruel and unusual punishment because he was given only fifteen minutes to shower, make a phone call, and do anything else he needed to do. The responses to these complaints indicated that the procedures were within federal guidelines and were those accorded to inmates in administrative detention. Terrell remained unhappy with the treatment he was receiving and filed a Motion to Show Cause in the circuit court.
II.
“Persons who have been convicted of crimes do not shed all of their legal rights at the jailhouse door.” McFadden v. State, 542 So.2d 871, 875 (Miss.1989). If an inmate is validly convicted, however, he can be subjected to the rules of a state’s prison system as long as the conditions which are imposed upon him are not viola-tive of the Constitution. Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451, 459 (1976).
In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court established certain guidelines for minimum due process where an inmate is subjected to disciplinary measures for misconduct. They include
24 hours’ advance written notice of the charges against them; a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; on impartial tribunal; and a written statement of reasons relied on by the tribunal.
Hewitt v. Helms, 459 U.S. 460, 466, n. 3, 103 S.Ct. 864, 868, n. 3, 74 L.Ed.2d 675, 684, n. 3 (1983) (citing Wolff, 418 U.S. at 563-572, 94 S.Ct. 2963, 41 L.Ed.2d 935, 71 Ohio Ops.2d 336).
The Supreme Court has since limited its holding in Wolff. See Meachum, 427 U.S. at 226, 96 S.Ct. at 2539, 49 L.Ed.2d at 460 (“The liberty interest protected in Wolff had its roots in state law”). In fact, the Court has said that an inmate’s transfer to administrative segregation for even non-punitive reasons is “well within the terms of confinement ordinarily contemplated by a prison sentence.” Hewitt, 459 U.S. at 468, 103 S.Ct. at 869, 74 L.Ed.2d at 686.
In Hewitt, the Supreme Court enumerated the procedures which should be *732 followed when an inmate is confined to administrative segregation pending an investigation against him. These procedures include an informal evidentiary review. The inmate should receive notice of the charges and be allowed an opportunity to present his side of the issue. A written statement by the inmate is sufficient to meet this requirement. “So long as this occurs, ... the Due Process Clause is satisfied.” Hewitt, 459 U.S. at 476, 103 S.Ct. at 874, 74 L.Ed.2d at 691.
Inmates who are placed in administrative segregation have no constitutional basis for demanding the same privileges as those inmates in the general prison population. “Prison officials have the discretion to determine whether and when to provide prisoners with privileges which amount to more than reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety.” Mikeska v. Collins, 900 F.2d 833, 837 (5th Cir.1990).
Visitation rights of the inmates are accorded at the discretion of prison officials and denial of such is not a constitutional issue. McCray v. Sullivan, 509 F.2d 1332, 1334 (5th Cir.1975). Likewise, claims by inmates regarding radio and television privileges “do not pertain to federal constitutional rights.” Montana v. Commissioners Court, 659 F.2d 19, 23 (5th Cir.1981).
III.
Terrell was placed in administrative segregation pending an investigation of his involvement in the fraudulent alteration of money orders. According to the documents submitted with his Motion, he received notice of detention and also received a hearing on the matter. These procedures satisfy the due process requirements enumerated in Hewitt.
Terrell also alleges that he has been denied certain privileges to which he is entitled since being placed in administrative segregation. These, which include showers, exercise, visitation, and access to personal property, are given at the discretion of prison officials. The five hours a week of exercise plus the nightly showers of fifteen minutes that Terrell is allowed cannot be said to be inadequate. The lower court’s overruling of the Motion to Show Cause must be affirmed.
AFFIRMED.