815 So.2d 455 (2002)
Timothy S. THORN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00715-COA.
Court of Appeals of Mississippi.
April 16, 2002.
Timothy S. Thorn, Pro Se.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
LEE, J., for the court.
¶ 1. Timothy Thorn appeals the Kemper County Circuit Court's dismissal of his motion for post-conviction collateral relief. He asserts two issues: that he was denied due process in a parole revocation hearing, and that he was entitled to the appointment of counsel to represent him in the hearing. Finding that the circuit court did *456 not err in dismissing his motion without a hearing, we affirm.

FACTS
¶ 2. Thorn pled guilty to burglary of a dwelling on January 20, 1998. He was sentenced to ten years imprisonment, with ten years suspended on condition of probation. As part of his probation, Thorn was required to undergo drug testing. He failed to present himself for the testing, or tested positive for marijuana, on February, 23, 1999, March 22, 1999, April 19, 1999, and September 27, 1999. He also changed residences without required approval. When Thorn reported to his probation officer, Ken Benson, on June 14, 2000, he was told his probation was being revoked, and he was arrested. On June 16, 2000, Benson signed a petition to revoke Thorn's probation. This petition was signed by the circuit court on June 19, 2000. Thorn asserts he was not given any reason for the revocation for forty-two days, during which he was incarcerated. However, the record shows that on June 19, 2000, Thorn signed a waiver of his right to a preliminary probation revocation hearing, and he was given notice that he would not be provided with an attorney because no new felonies were alleged, but was advised he could obtain an attorney at his own expense.

I. DUE PROCESS
¶ 3. The minimum due process requirements in parole revocation cases were set forth in Morrissey v. Brewer, 408 U.S. 471, 485-87, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and those same due process requirements were found to apply to the probation revocation procedure in Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656, (1973). Our state supreme court has held that the provisions of Mississippi Code Annotated § 47-7-37 (Rev.2000) afford a parolee with that minimum due process. Riely v. State, 562 So.2d 1206, 1211 (Miss.1990).
¶ 4. Thorn asserts that the probation officer did not give "immediate" notice of his arrest to either the detaining authorities or the court. Mississippi Code Annotated section 47-7-37 (Rev.2000) requires a statement setting forth the reasons for an arrest without a warrant be given "at once" to the court. Thorn was arrested on a Wednesday, and the circuit court did not receive the petition until the following Monday. The circuit court's order found that:
[T]he Court has no record of what documentation was provided to the jail and has no record of the reason for the time lapse before the Court signed the paperwork, other than June 16, 2000 was a Friday and the court may have been in term elsewhere or the judge otherwise unavailable. Regardless of the delay, the Court finds that there was no violation of § 47-7-37, MCA 1972, which would result in the violation of due process rights of the Petitioner.
We find that the circuit court's ruling was correct and in accord with the due process required. Morrissey requires "that some minimal inquiry [or preliminary hearing] be conducted at or reasonably near the place of the alleged ... violation or arrest and that as promptly as convenient after arrest while information is fresh and sources are available." Morrissey, 408 U.S. at 485, 92 S.Ct. 2593. A two day delay is insufficient to run afoul of the statute's judicial oversight brought to this notice and opportunity to be heard requirement. Furthermore, assuming arguendo that Thorn was not advised of the charges against him, he waived any error going to this lack of notice when he waived his right to a preliminary hearing. There is no merit to his assertion that his due *457 process rights were violated, and this assignment of error is without merit.

II. RIGHT TO COUNSEL
¶ 5. Probationers do not have a per se right to counsel, but counsel may be required in cases that are complex. Riely, 562 So.2d at 1209. Thorn asserts that without advice of counsel he was "incapable" of determining whether waiving his right to a preliminary hearing was "good or bad." Unless a person is mentally incompetent to stand trial, he may knowingly waive his right to counsel, and unless there are reasonable grounds to believe a person is mentally incompetent, there is no requirement that a court inquire into competency. Edwards v. State, 800 So.2d 454, 466 (¶¶ 33-34) (Miss.2001). There was no suggestion that Thorn lacked the mental capacity to waive his right to a preliminary hearing, and this assignment of error is without merit.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF KEMPER COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO KEMPER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.