IRVING, J.,
for the court.
¶ 1. Lorenzo Kern pleaded guilty in the Circuit Court of Coahoma County to two counts of sale of a controlled substance. He was sentenced by the trial judge to twelve years on each count with the sentences to run concurrently. The sentencing order also provided that upon release from incarceration, Kern would be placed on post-release supervision for a period of five years.
¶ 2. Subsequent to the imposition of sentence, Kern filed a motion in the circuit court seeking to vacate or reduce his sentences. The trial court denied the motion. Kern has appealed and raises two issues: (1) whether the trial court erred in sentencing him to a twelve-year term for each *872 of the two counts plus ordering him to serve five years’ post-release supervision, and (2) whether his sentence violates the double jeopardy clause of the United States Constitution and of the Mississippi Constitution.
¶ 3. We find no merit to Kern’s claims. Therefore, we affirm the decision of the trial judge.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 4. We combine the issues for discussion since both issues implicate the legality of the sentences. As to the first issue, Kern contends that he cannot be placed on post-release supervision because no part of his sentences was suspended. In other words, Kern argues that suspension of some part of his sentences was a prerequisite to being placed on post-release supervision. He further contends that, as a previously-convicted felon, he was not eligible to have any of portion of his sentences suspended. He is correct as to this latter contention, but the fact that he was not eligible to have any portion of his sentences suspended did not make the five years’ post-release supervision portion of his sentence illegal.
¶ 5. Mississippi Code Annotated section 47-7-34 (Rev.2000) provides in pertinent part that:
When a court imposes a sentence upon a conviction for any felony ... the court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision. However, the total number of years of incarceration plus the total number of years of post-release supervision shall not exceed the maximum sentence authorized to be imposed by law for the felony committed.
Miss.Code Ann. § 47-7-34(1) (Rev.2000).
¶ 6. Kern was sentenced on two counts for the sale of cocaine, a schedule II controlled substance. The maximum sentence for this crime is thirty years per count. As previously observed, Kern was sentenced to only twelve years on each count plus five years of post-release supervision. This sentence was well within the maximum sentence authorized for the crime that Kern committed. Therefore, the trial court did not err in refusing to vacate or reduce Kern’s sentences because the sentences did not exceed the statutory limit.
¶ 7. Kern also argues that his sentences run afoul of the double jeopardy provisions of the United States Constitution and of the Mississippi Constitution. This argument is undergirded by his mistaken assumption that he could not be sentenced to a term of incarceration and placed on post-release supervision for the same crime. As we have already discussed, the trial court may sentence a convict to a term of incarceration plus a term of post-release supervision for any felony crime, provided the term of incarceration plus the term of post-release supervision do not exceed the statutory maximum sentence for the crime committed. Kern cites no authority, and we can find none, for his contention that a sentence to a term of incarceration and to a term of post-release supervision for the same crime implicates the double jeopardy provisions of the constitutions of the United States and of the State of Mississippi. While the double jeopardy provision of the two constitutions prohibit double punishment for the same offense, we decline to hold that a sentence which incorporates post-release supervision with a term of *873 incarceration is in effect two separate sentences for the same crime. Accordingly, we reject this argument and affirm the trial judge on this issue as well.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.