THOMPSON, J.
William A. Thompson appeals an order of the Florida Unemployment Appeals Commission. We affirm.
Thompson voluntarily resigned from his employer, Trader Publishing Company (“Trader Publishing”). In filing for unemployment compensation benefits, Thompson alleged that he resigned because Trader Publishing was reducing his income. The claims adjuster awarded Thompson unemployment benefits, and Trader Publishing appealed the agency’s determination and requested a hearing. Trader Publishing argued that it had informed Thompson that although Thompson’s revenue base was declining, Trader Publishing would supplement his income by increasing his commission rate.
A hearing was conducted before an appeals referee who found that Thompson did not quit his job for good cause because his earning power was still available to him. The appeals referee noted that although Thompson’s accounts had been reduced, his earning potential was greater because his commission was increased to 20 percent. The referee further wrote that Thompson did not give himself a fair chance to determine what his true earning potential would have been. After being disqualified from unemployment benefits, Thompson requested a review of the referee’s decision by the UAC, and the UAC affirmed the referee’s decision.
On appeal, Thompson attempts to assert new issues of fact and alleges that he left his employer not because of a reduction in his pay rate, but because of other circumstances including his belief that Trader Publishing was attempting to force him out. Thompson’s version of facts are different from the referee’s findings, and Thompson has not provided a transcript of the hearing. The referee’s determinations are presumed correct where it is impossible to establish error without a transcript. Smith v. Unemployment Appeals Com’n, 828 So.2d 873 (Fla. 5th DCA 2002).
In the instant case, no error has been established. Thompson resigned from his job, and an employee who voluntarily leaves work without good cause attributable to his or her employer is disqualified from receiving unemployment benefits. § 443.101(l)(a), Fla. Stat. “Good cause for voluntarily quitting are those circumstances which would impel the average, able bodied, qualified worker to give up his or her employment.” See Miller v. Unemployment Appeals Com’n, 768 So.2d 1218 (Fla. 4th DCA 2000).
*495 While workplace changes such as a reduction, or a change, in hours or salary may constitute good cause attributable to the employer, see Manning v. State Unemployment Appeals Com’n, 787 So.2d 954 (Fla. 4th DCA 2001), Thompson has not shown a good cause basis for his resignation. The referee found that although Thompson’s accounts had been reduced, his earning potential was greater because his commission was increased to 20 percent. Further, because Thompson resigned a week after Trading Publishing implemented the new policy, Thompson could not prove that his salary would, in fact, decrease.
The UAC’s order affirming the referee’s findings is AFFIRMED.
SAWAYA, C.J., and TORPY, J., concur.