963 So.2d 1180 (2007)
James A. PEACOCK a/k/a Jimmy Peacock, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00804-COA.
Court of Appeals of Mississippi.
March 27, 2007.
Rehearing Denied September 4, 2007.
James A. Peacock, Appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On March 31, 2006, the Circuit Court of Yalobusha County summarily denied James Peacock's motion for post-conviction relief. He appeals, asserting four issues: (1) he was entitled to an evidentiary hearing; (2) the original sentence was illegal because the circuit court could not have legally suspended part of his sentence, and that the circuit court should have sentenced him to probation or post-release supervision; (3) his suspended sentence should not have been revoked, because he was ultimately acquitted of the offense that gave rise the facts underlying the State's contention that he violated the terms of the suspended sentence; and (4) notice of the revocation hearing was insufficient to provide him with due process. Finding no error, we affirm.

FACTS
¶ 2. On July 7, 1997, Peacock pleaded guilty to burglary of a building other than a dwelling, grand larceny, simple assault of a law enforcement officer and four counts of sale of a controlled substance. He was sentenced to twenty years confinement with seven to serve and thirteen years suspended. On August 15, 2003, he was released from incarceration after serving seven years. On August 24, 2004, the State moved to revoke the suspended sentence. On October 15, 2004, a hearing was held in which, after the State put on its proof, the circuit court found that the proof was sufficient to show Peacock had violated *1182 the terms of his suspended sentence. However, the matter was continued until December 9, 2004, when the circuit court revoked the thirteen years suspended sentence. From March 7-9, 2005, a trial was held and Peacock was acquitted of the charges that led to his new indictment.

ISSUES AND ANALYSIS
1. Denial of an evidentiary hearing
¶ 3. A petitioner in post-conviction relief matters is only entitled to an evidentiary hearing if, under the facts within his knowledge and/or attached affidavits, he states a cognizable claim for relief, and absent that claim, a trial court may summarily dismiss the petition. Rogers v. State, 811 So.2d 367, 370-71 (¶ 11) (Miss. Ct.App.2001). As the discussion concerning the remaining issues concludes, no such claim is present in Peacock's motion; therefore, the circuit court properly dismissed the petition. This assignment of error is without merit.
2. Illegal sentence
¶ 4. Peacock contends that his sentence was illegally imposed, because he received a suspended sentence, and as a previously convicted felon, he could only have received parole or post-release supervision. The law is clear that a person may not complain that he received a lighter sentence than that imposed to invalidate a sentence. McGleachie v. State, 800 So.2d 561, 563(¶ 4) (Miss.Ct.App.2001). This issue is without merit.
3. Illegal revocation of sentence
¶ 5. Peacock contends his sentence was illegally revoked because he was ultimately found not guilty of the charges upon which his suspended sentence was revoked. A conviction is not necessary for revocation of probation. Berdin v. State, 648 So.2d 73, 79 (Miss.1994). A mere showing that a defendant has more likely than not violated the terms of his release is sufficient. Id. (citing Wallace v. State, 607 So.2d 1184, 1190 (Miss.1992)). Peacock fails to specify that he did not violate the terms and conditions of his suspended sentence. This issue is without merit.
4. Lack of notice of revocation proceedings
¶ 6. Peacock contends that the notice of the revocation proceedings that he received was insufficient to comport with due process. The circuit court found, and Peacock does not deny, that he received actual notice of the revocation proceedings. There is no assertion that the circuit court's findings regarding either the notice or the facts underlying the revocation were in error. Nothing in the record before us indicates that Peacock's due process rights were infringed. See Thorn v. State, 815 So.2d 455, 456-57 (¶¶ 4-5) (Miss.Ct.App. 2002). This issue is without merit.
¶ 7. Lastly, while Peacock failed to raise the issues before this Court, he did raise ineffective assistance of counsel and double jeopardy claims in his initial pleading before the circuit court. We find the issues are waived for failure to raise before this Court, and were they not waived, they would be without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF YALOBUSHA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YALOBUSHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.