MAXWELL, J.,
 

 for the Court:
 

 ¶ 1. Oscar Wade Thompson Jr. appeals the Harrison County Circuit Court’s denial of his motion for post-conviction relief (PCR). Thompson pleaded guilty to possession of cocaine with intent to distribute. Because of his previous felony convictions, he was also charged as a habitual offender.
 
 [1]
 
 Thompson was sentenced to fifteen years in the custody of the Mississippi Department of Corrections to be served as a habitual offender day-for-day. In his PCR motion, Thompson claims his trial counsel was ineffective. Finding no error, we affirm the trial court’s denial of his PCR motion.
 

 STANDARD OF REVIEW
 

 ¶ 2. We will not reverse a trial court’s denial of a PCR motion absent a finding that the trial court’s decision was clearly erroneous.
 
 Kirksey v. State,
 
 728 So.2d 565, 567 (¶ 8) (Miss.1999) (citing
 
 State v. Tokman,
 
 564 So.2d 1339, 1341 (Miss.1990)). We review issues of law de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 ANALYSIS
 

 ¶ 3. Thompson’s ineffective-assistance-of-counsel claims are premised on his counsel’s alleged failure to “canvas the area of the crime,” interview potential de
 
 *941
 
 fense witnesses, and discuss matters of defense or “ascertain that potential defenses did not exist.” Thompson suggests that had his counsel done so, he would have learned Thompson “was known in the community as a crack smoker,” and not a “dealer.” He claims his attorney’s only concern was to induce him to plead guilty by threatening that if he did not, he would lose at trial and receive a life sentence. Thompson also claims he had a potential entrapment defense.
 

 ¶ 4. To establish ineffective assistance of counsel, Thompson must demonstrate: (1) his attorney’s performance was deficient, and (2) this deficiency deprived him of a fair trial.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. To overcome this presumption, a defendant must show “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceedings would have been different.”
 
 Madden v. State,
 
 991 So.2d 1231, 1236-37 (¶ 23) (Miss.Ct.App.2008) (citing
 
 Strickland,
 
 466 U.S. at 694, 104 S.Ct. 2052).
 

 ¶ 5. We find Thompson failed to allege with “specificity and detail” that his lawyer’s performance was deficient and prejudicial.
 
 Brooks v. State,
 
 573 So.2d 1350, 1354 (Miss.1990). Further, the Mississippi Supreme Court has held where a PCR movant offers only his own affidavit in support of an ineffective-assistance-of-counsel claim, such evidence is insufficient to meet the pleadings requirements of Mississippi Code Annotated section 99-39-9(1)(e) (Supp.2011).
 
 Id.
 

 ¶ 6. We also take note that at his plea hearing, Thompson was asked if he was satisfied with the services and advice he received from his counsel. He acknowledged to the judge that he was. Thompson also affirmed that no one had pressured him to plead guilty. The circuit judge read Thompson the indictment, which charged him with possession of cocaine with intent to distribute, and listed two of Thompson’s prior qualifying felony convictions. The circuit judge then asked Thompson whether the allegations in the indictment were true. Thompson admitted under oath that they were.
 

 ¶ 7. Thompson’s extensive list of prior violent convictions certainly qualified him as a habitual offender, placing him squarely in the sights of a life sentence. Yet Thompson’s counsel negotiated a favorable plea agreement that cut Thompson’s potential sentence to fifteen years. Also, a second charge in cause number OS-465 was passed to the file as a result of the plea agreement.
 

 ¶ 8. On this evidence, we find Thompson’s counsel was quite effective and that Thompson’s guilty plea was voluntarily entered. We affirm the circuit court’s denial of Thompson’s PCR motion.
 

 ¶ 9. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.
 

 [1]
 

 . Thompson had been convicted of: rape, grand larceny, burglary on two separate occasions, armed robbery, carrying a concealed prohibited weapon after a felony conviction, and failure to register as a sex offender.