# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00797-COA

**TOMMY VITELA, SR. A/K/A TOMMY VITELA A/K/A TOMAS VITELA**    APPELLANT

**v.**

**STATE OF MISSISSIPPI**    APPELLEE

DATE OF JUDGMENT: 06/30/2014
TRIAL JUDGE: HON. LESTER F. WILLIAMSON JR.
COURT FROM WHICH APPEALED: LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: TOMMY VITELA SR. (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: LAURA H. TEDDER
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION: PETITION FOR POST-CONVICTION
COLLATERAL RELIEF DISMISSED
DISPOSITION: AFFIRMED: 07/21/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1. On November 8, 2005, Tommy Vitela was indicted for sexual battery of a minor in violation of Mississippi Code Annotated section 97-3-95(2) (Rev. 2014). Vitela submitted an *Alford* guilty plea to the downgraded charge of lustful touching. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (defendant can plead guilty to crime and consent to prison sentence without admitting to participation in crime itself). On March 24, 2008, the circuit court sentenced Vitela to eight years, suspended, and four years of post-release supervision (PRS), and ordered him to pay a fine.

¶2.     During his PRS, Vitela was indicted for sale and possession of hydrocodone and acetaminophen with intent to distribute. Vitela pleaded guilty to the charge of the sale of hydrocodone and acetaminophen. The circuit court sentenced Vitela to fifteen years, with ten years suspended, five years to serve, and three years of PRS. Also, Vitela signed an agreed order for the revocation of his suspended sentence from the 2008 conviction, and he received an additional eight years to serve. The circuit court entered the orders and sentenced Vitela on August 24, 2010.

¶3.     On January 22, 2014, Vitela submitted his petition for post-conviction collateral relief (PCCR). In his petition, Vitela asserted four grounds for relief: an involuntary plea in 2008, ineffective assistance of counsel in 2010, an illegal sentence from the revocation in 2010, and an illegal sentence for his 2010 conviction. Vitela also claimed that each of these grounds of relief affected his fundamental constitutional rights, which excepted his PCCR petition from the procedural time-bar under Mississippi Code Annotated section 99-39-5(2) (Supp. 2014).

¶4.     On June 30, 2014, the circuit court dismissed Vitela's petition as time-barred. The circuit court further found Vitela's PCCR petition was procedurally improper in that Vitela sought relief from both his 2008 and 2010 convictions. Though the circuit court ruled the procedural bars applied, the circuit court discussed the merits of his petition. Nevertheless, the circuit court found Vitela failed to meet any statutory or constitutional exception to the procedural bars. It is from this dismissal that Vitela now appeals.

## STANDARD OF REVIEW

¶5.     "A circuit court's dismissal of a [petition] for post-conviction collateral relief will not be reversed on appeal absent a finding that the trial court's decision was clearly erroneous." *Madden v. State*, 75 So. 3d 1130, 1131 (¶6) (Miss. Ct. App. 2011) (citation omitted). "However, when reviewing issues of law, this Court's proper standard of review is de novo." *Id.* (citing *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999)).

## ANALYSIS

¶6.     We begin with the procedural posture of Vitela's PCCR petition. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) dictates the requirements for PCCR petitions. The UPCCRA limits PCCR petitions "to the assertion of a claim for relief against one (1) judgment only. If a petitioner desires to attack the validity of other judgments under which he is in custody, he shall do so by separate motions." Miss. Code Ann. § 99-39-9(2) (Supp. 2014).

¶7.     Vitela seeks to address issues with both his 2008 and 2010 convictions. First, Vitela contends he involuntarily pleaded guilty in 2008. In addition to the involuntary guilty plea, Vitela argues the circuit court could not revoke his 2008 sentence because exculpatory evidence invalidated the entire conviction. This argument regarding the 2008 conviction intertwines with his ineffective-assistance-of-counsel claim in his 2010 sentencing. Lastly, Vitela attacks the validity of his 2010 sentence stemming from the drug charge. Thus, Vitela's single PCCR petition implicated relief from multiple judgments contrary to section

3

99-39-9(2)'s requirements. Thus, Vitela's PCCR petition is improper.

¶8. Not only is Vitela's PCCR petition improper because it challenges multiple judgments, it is also time-barred under section 99-39-5(2). Section 99-35-5(2) requires a petitioner who pleads guilty to file a PCCR petition within three years from the date of the judgment of conviction. Vitela first pleaded guilty on March 24, 2008, and the circuit court entered a judgment of conviction the same day. For Vitela's second guilty plea, the circuit court accepted the plea and entered an order of conviction on August 24, 2010. This afforded Vitela the opportunity to file a PCCR petition up until March 24, 2011, for the first conviction, or August 24, 2013, for the second conviction. Vitela, however, failed to file any PCCR petition until January 22, 2014. Accordingly, we find that the time-bar of section 99-39-5(2) applies.

¶9. However, section 99-39-5(2) provides the following exceptions to the time-bar:

Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:

(a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States[,] which would have actually adversely affected the outcome of his conviction or sentence[,] or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or

(ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the

4

petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(b)     Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases[,] which shall be made within one (1) year after conviction.

¶10.   Vitela does not claim any of these exceptions to the procedural time-bar exist. While Vitela argues an affidavit executed after his 2008 conviction served to exculpate him, he does not assert the affidavit meets the new-evidence exception of section 99-39-5. Even if Vitela claimed the new-evidence exception, an undated affidavit proclaiming his innocence does not constitute new evidence. *See King v. State*, 47 So. 3d 746, 748 (¶10) (Miss. Ct. App. 2010) (finding three affidavits of innocence in PCCR proceeding insufficient to overcome procedural bars).

¶11.   Instead, Vitela alleges his claims of ineffective assistance of counsel, an illegal sentence, and an involuntary plea implicate his fundamental constitutional rights, which overcome any procedural bar. "[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). Therefore, we must determine if any of Vitela's claims qualify as a constitutional exception.

¶12.   Vitela first asserts he involuntarily submitted his *Alford* guilty plea in 2008. Previously, "this [C]ourt rejected the argument that an involuntary-guilty-plea claim should

5

be considered a claim of a violation of a fundamental right." *Hughes v. State*, 106 So. 3d 836, 839 (¶9) (Miss. Ct. App. 2012) (citing *Trotter v. State*, 907 So. 2d 397, 402 (¶15) (Miss. Ct. App. 2005)). Thus, "a claim of an involuntary guilty plea does not surmount the procedural bar." *Id.* (quoting *Smith v. State*, 922 So. 2d 43, 48 (¶13) (Miss. Ct. App. 2006)). Vitela's involuntary-plea argument remains procedurally barred.

¶13. Next, Vitela argues his counsel was ineffective. To sustain a claim of ineffective assistance of counsel, Vitela must demonstrate "(1) his attorney's performance was deficient, and (2) this deficiency deprived him of a fair trial." *Thompson v. State*, 78 So. 3d 939, 941 (¶4) (Miss. Ct. App. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Though Vitela cites to *Strickland*, he does not proffer any evidence that his counsel's performance met either *Strickland* requirement.

¶14. "Further, the Mississippi Supreme Court has held where a [PCCR] movant offers only his own affidavit in support of an ineffective-assistance-of-counsel claim, such evidence is insufficient to meet the pleadings requirements of Mississippi Code Annotated section 99-39-9(1)(e) (Supp. 2014)." *Thompson*, 78 So. 3d at 941 (¶5). Vitela failed to offer any other evidence, aside from his own assertions, of his counsel's deficient performance. Therefore, Vitela provided insufficient evidence to support a finding of ineffective assistance.

¶15. Vitela's final grounds for relief implicate claims of illegal sentences. "The right of freedom from an illegal sentence is a fundamental right." *Pruitt v. State*, 846 So. 2d 271, 274 (¶9) (Miss. Ct. App. 2002) (citation omitted). Thus, any illegal sentence Vitela received

overcomes the procedural bars. Vitela asserts both the revocation of his suspended sentence and his sentence from the 2010 conviction constitute illegal sentences. Vitela also argues the circuit court should have credited Vitela for the time already served while on PRS from 2008.

¶16. Vitela initially contends the revocation of his suspended sentence served as an illegal sentence because the unsupported affidavit cleared him of any wrongdoing in 2008. However, "[a] conviction is not necessary for revocation" of PRS. *Peacock v. State*, 963 So. 2d 1180, 1182 (¶5) (Miss. Ct. App. 2007) (citation omitted). "A mere showing that a defendant has more likely than not violated the terms of his release is sufficient." *Id.* Vitela undoubtedly remained under PRS and admittedly violated the terms of his PRS. Thus, this assertion is meritless.

¶17. As a separate ground, but as part of his argument regarding the 2008 sentence, Vitela claims that rather than receiving eight years, the circuit court should have reduced the sentence by one year and seven months, the time he previously served on PRS. "No part of the time that one is on probation [or PRS] shall be considered as any part of the time that he shall be sentenced to serve." Miss. Code Ann. § 47-7-37(7) (Supp. 2014); *see also* Miss. Code Ann. § 47-7-37(9) (Supp. 2014) (applying probation procedures to PRS). Accordingly, this Court has held that "time spent on PRS may not be credited toward a sentence that results from the revocation of PRS." *Schwend v. State*, 996 So. 2d 174, 175-76 (¶7) (Miss. Ct. App. 2008) (citing *Simmons v. State*, 913 So. 2d 1011, 1012-13 (¶7) (Miss. Ct. App. 2005)). Vitela, therefore, errs in this contention.

7

¶18. Regarding the 2010 sentence, Vitela argues the circuit erred in sentencing him to fifteen years when the actual sentence, including the three years of PRS, totaled eighteen years. However, Vitela mistakenly argues a sentence of incarceration must incorporate the PRS sentence. "[A] court, in addition to any other punishment imposed if the other punishment includes a term of incarceration in a state or local correctional facility, may impose a term of post-release supervision." Miss. Code. Ann. § 47-7-34(1) (Supp. 2014). The circuit court, therefore, correctly imposed the term of PRS in addition to Vitela's prison sentence.

¶19. Vitela filed his PCCR petition outside the time limitation, and no statutory or constitutional exception applies. For this reason, we find the circuit court properly dismissed Vitela's petition as untimely.

¶20. **THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DISMISSING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. WILSON, J., NOT PARTICIPATING.**