# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00794-COA

**SCOOTER L. ROBINSON A/K/A SCOOTER LYNN ROBINSON A/K/A SCOOTER ROBINSON**                APPELLANT

**v.**

**STATE OF MISSISSIPPI**                APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/27/2014 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SCOOTER L. ROBINSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION COLLATERAL RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED: 07/21/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     On July 13, 2009, Scooter Robinson pleaded guilty to possession of a precursor chemical, possession of a controlled substance with intent to distribute, and felony fleeing. He was sentenced to a combined thirty-five years, with eleven years to serve. The circuit court entered a final judgment of conviction and sentenced Robinson on July 24, 2009.

¶2.     Robinson filed a motion for post-conviction collateral relief (PCCR) on April 2, 2014. In his PCCR motion, Robinson alleged ineffective assistance of counsel, due-process-rights violations, and cumulative error.

¶3. The circuit court dismissed Robinson's PCCR motion on June 2, 2014. The court found the motion to be time-barred under Mississippi Code Annotated section 99-39-5(2) (Supp. 2014). The court further ruled that Robinson failed to meet any exception to the procedural bar. It is from this denial that Robinson now appeals.

¶4. This Court will not overturn a trial court's dismissal of a PCCR motion on appeal "unless the trial court's decision was clearly erroneous." *Chapman v. State*, 135 So. 3d 184, 185 (¶6) (Miss. Ct. App. 2013) (citation omitted). "When reviewing questions of law, this Court's standard of review is de novo." *Id.* (citation omitted).

¶5. We begin with the time-bar of section 99-39-5(2), which requires a petitioner who pleads guilty to file a PCCR motion within three years from the date of judgment of conviction. Robinson entered a guilty plea on July 13, 2009, and the circuit court entered a judgment of conviction on July 24, 2009. This gave Robinson until July 24, 2012, to file a PCCR motion, but Robinson did not file his PCCR motion until April 2, 2014. Accordingly, we find that the time-bar in section 99-39-5(2) applies.

¶6. We must next determine whether an exception to this time-bar applies. "Section 99-39-5(2)(a)-(b) exempts from the time-bar cases in which the movant can demonstrate new evidence not available at trial, an intervening higher-court decision, or that the movant is being detained on an expired sentence." *Blount v. State*, 126 So. 3d 927, 931 (¶13) (Miss. Ct. App. 2013).

¶7. Robinson does not claim any of these statutory exceptions apply. Rather, Robinson argues his ineffective-assistance-of-counsel and due-process-violation claims are

constitutional exceptions to the time-bar. "[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). Therefore, we must determine if any of Robinson's claims qualify as a constitutional exception.

¶8. Robinson contends he received ineffective assistance of counsel because his attorney failed to inform him of the proper minimum and maximum sentences he faced and failed to object to his sentence as excessive and the charging information as inadequate. Robinson must demonstrate "(1) his attorney's performance was deficient, and (2) this deficiency deprived him of a fair trial," in order to prove ineffective assistance of counsel. *Thompson v. State*, 78 So. 3d 939, 941 (¶4) (Miss. Ct. App. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Although Robinson cited to *Strickland*, he does not proffer any evidence that his counsel's performance met either *Strickland* requirement.

¶9. "Further, the Mississippi Supreme Court has held where a [PCCR] movant offers only his own affidavit in support of an ineffective-assistance-of-counsel claim, such evidence is insufficient to meet the pleadings requirements of Mississippi Code Annotated section 99-39-9(1)(e) (Supp. 2014)." *Thompson*, 78 So. 3d at 941 (¶5). Robinson failed to include any evidence in addition to his own claim of ineffective assistance. Therefore, Robinson provided insufficient evidence to support a finding of an ineffective-assistance claim.

¶10. Within his claim of ineffective assistance of counsel, Robinson also raises the issues of double jeopardy and insufficient charging information. On his double-jeopardy claim, Robinson merely asserts his sentence of post-release supervision in addition to his sentence

to serve in prison constituted multiple punishments for the same crime. However, placing a defendant on post-release supervision in addition to imposing a prison sentence does not constitute double jeopardy. *Kern v. State*, 828 So. 2d 871, 872 (¶7) (Miss. Ct. App. 2002); Miss. Code Ann. § 47-7-34(1) (Supp. 2014). Therefore, Robinson failed to raise a valid double-jeopardy claim.

¶11. Robinson also claims the charging information was insufficient and deprived him of his constitutional rights. This Court has stated that "guilty pleas waive all technical and non-jurisdictional issues in a bill of information just as [they do] for such defects in an indictment." *McCullen v. State*, 786 So. 2d 1069, 1075 (¶12) (Miss. Ct. App. 2001) (citing *Banana v. State*, 635 So. 2d 851, 853-54 (Miss. 1994)). A guilty plea does not, however, waive lack of subject-matter jurisdiction or the failure to charge an essential element of the crime. *Whetstone v. State*, 109 So. 3d 616, 620 (¶11) (Miss. Ct. App. 2013) (citing *Joiner v. State*, 61 So. 3d 156, 158-59 (¶7) (Miss. 2011)). Robinson does not show that either exception applies. Therefore, the charging information was sufficient.

¶12. Robinson also contends his confinement conditions in the Pearl River County jail violated his due-process rights. Robinson argues he was placed in solitary confinement without cause or hearing; received inadequate pain-management resources, such as pain medication; endured poor living conditions without proper lighting; and lacked access to legal resources.

¶13. "Prison officials have the discretion to determine whether and when to provide prisoners with privileges which amount to more than reasonably adequate food, clothing,

4

shelter, sanitation, medical care, and personal safety." *Terrell v. State*, 573 So. 2d 730, 732 (Miss. 1990) (citation omitted). Robinson merely offered unsupported allegations of the prison conditions. Prison officials provided affidavits that contradicted Robinson's claims regarding the lighting, grievance responses that stated the reasons for his confinement, and forms that showed Robinson refused certain medicines. Therefore, Robinson failed to provide sufficient evidence of any due-process violation. This does not affect Robinson's right to pursue administrative remedies through the correctional facility.

¶14. For these reasons, we find the circuit court properly dismissed Robinson's PCCR motion as untimely.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, AND JAMES, JJ., CONCUR. WILSON, J., NOT PARTICIPATING.**