# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00378-COA

**JOHN FRANK GAULDEN A/K/A JOHN GAULDEN A/K/A JOHN F. GAULDEN**    APPELLANT

**v.**

**STATE OF MISSISSIPPI**    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/17/2017 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON JR. |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN FRANK GAULDEN (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 03/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., CARLTON AND WILSON, JJ.

### CARLTON, J., FOR THE COURT:

¶1. In June 2013, John Frank Gaulden pled guilty to two counts of unlawful possession of a motor vehicle and one count of aggravated assault of a jailer. More than three years after the Amite County Circuit Court entered its sentencing order, Gaulden filed a motion for post-conviction relief (PCR). The circuit court summarily dismissed it because it was time-barred and none of Gaulden's claims were exceptions to the three-year statute of limitations. Gaulden appeals and argues: (1) his PCR motion is not time-barred because he raises errors affecting his fundamental constitutional rights; (2) his guilty pleas were involuntary; (3) he received ineffective assistance of counsel; and (4) the multi-count bill of criminal

information against him was improper.  We find no error and affirm.

## FACTS

¶2.     In June 2013, Gaulden waived indictment and filed a petition to plead guilty to three charges listed in a bill of information:[1] two counts of unlawful possession of a motor vehicle and one count of aggravated assault of a jailer.  Gaulden's guilty-plea hearing occurred on June 12, 2013.  After accepting Gaulden's guilty pleas, the circuit court sentenced him to concurrent one-year sentences for each conviction for unlawful possession of a motor vehicle and a consecutive twenty-year sentence for aggravated assault.  The circuit court entered its sentencing order on June 12, 2013.

¶3.     Gaulden filed his PCR motion on November 7, 2016.  He attached copies of his guilty-plea petition, the sentencing order, the bill of information, and a printout of the statute that criminalizes simple and aggravated assault. Gaulden also filed a supplemental memorandum of law on January 23, 2017.  After reviewing the motion, its exhibits, and the supplemental brief, the circuit court summarily dismissed Gaulden's PCR motion because it was time-barred and no exceptions to the three-year limitations period applied.

¶4.     Gaulden appeals and argues that:  (1) his PCR motion was not time-barred because he raised errors affecting his fundamental constitutional rights; (2) his guilty pleas were involuntary; (3) he received ineffective assistance of counsel; and (4) the multi-count bill of

---

[1] The record does not contain a copy of Gaulden's guilty-plea petition.  Gaulden did not list it in his designation of record.  The circuit court, however, stated at the hearing that it had before it Gaulden's sworn petition seeking leave to enter his guilty plea.

information was improper.

## STANDARD OF REVIEW

¶5. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017).

## DISCUSSION

### I. Time-Bar

¶6. The circuit court determined that Gaulden's PCR motion was time-barred and he did not raise any issues that were exceptions to the three-year limitations period under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). We agree.

¶7. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion following a guilty plea must be filed within three years after the judgment of conviction is entered. Miss. Code Ann. § 99-39-5(2) (Rev. 2015). On June 12, 2013, the circuit court entered its sentencing order. Gaulden did not file his PCR motion until November 7, 2016, nearly five months past the three-year limitations period. On its face, Gaulden's PCR motion was untimely.

¶8. Gaulden, as the PCR movant, has the burden of demonstrating that his claims are not time-barred because an exception applies. *See McComb v. State*, 135 So. 3d 928, 932 (¶10) (Miss. Ct. App. 2014). In this case Gaulden argues that his PCR motion is not time-barred

3

because he raises errors affecting his fundamental rights. Specifically, he asserts that his guilty plea was involuntary; he received ineffective assistance of counsel; and the multi-count bill of information was defective. "[E]rrors affecting fundamental constitutional rights" also are excepted from the UPCCRA's time-bar. *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). "[O]nly four types of 'fundamental rights' have been expressly found to survive PCR procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015).

¶9. Gaulden's involuntary-guilty-plea and ineffective-counsel claims are not excepted from the time-bar. "[T]he [Mississippi S]upreme [C]ourt has held that [ineffective-counsel and involuntary-guilty-plea] claims are not excepted from the time-bar; therefore, even though these claims involve fundamental constitutional rights, the procedural bars are applicable." *Jones v. State*, 174 So. 3d 902, 907 (¶12) (Miss. Ct. App. 2015) (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)). Likewise, Gaulden's claim that the bill of information was defective because it did not meet the multi-count requirements of Rule 7.07 of the Uniform Rules of Circuit and County Court[2] is not excepted from the time-bar. *Stokes*

---

[2] The Uniform Rules of Circuit and County Court no longer govern criminal practice in Mississippi. They have been replaced by the Mississippi Rules of Criminal Procedure since July 1, 2017. Gaulden's PCR motion preceded this change. Rule 7.07 now is encompassed in Rule 14.2 of the Mississippi Rules of Criminal Procedure.

*v. State*, 199 So. 3d 745, 749 (¶13) (Miss. Ct. App. 2016) ("Claims alleging defective indictment are also barred when a [PCR motion] is not filed within the three-year time limitation.").

¶10. Gaulden also asserts that the aggravated-assault charge in the bill of information was insufficient because the charge failed to allege that the assault involved the use of a deadly weapon. Gaulden claims this is an essential element under Mississippi Code Annotated section 97-3-7(2) (Rev. 2014). Citing *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992), Gaulden then asserts that due to this alleged deficiency, the circuit court lacked jurisdiction over the aggravated-assault charge. He reasons that his guilty plea did not waive the failure to charge an essential element of that offense. We find no merit in this argument. As discussed below, the bill of information adequately charged the essential elements of aggravated assault on a jailer.

¶11. Time-bar notwithstanding, we also find that Gaulden's claims lack merit for each of the reasons discussed below.

## II. Involuntary Guilty Plea

¶12. Gaulden asserts that he is bipolar and that he was suffering from untreated scabies when he pled guilty. He claims he had been told by the Amite County sheriff that he would not receive medical treatment while he was at the jail "outside a life-threatening emergency." Gaulden also asserts that his attorney told him that the quickest way to get medical treatment for his scabies would be to waive indictment and plead guilty. According to Gaulden, his

5

desire to obtain proper medical treatment for his scabies induced him to involuntarily plead guilty. Gaulden provides no supporting affidavit from his lawyer or other evidence to corroborate his claim.

¶13. In order to be valid, a guilty plea must be entered voluntarily and intelligently, meaning that the defendant is "advised concerning the nature of the charge against him and the consequences of the plea." *Holland v. State*, 956 So. 2d 322, 327 (¶11) (Miss. Ct. App. 2007) (citing *Wilson v. State*, 577 So. 2d 394, 396-97 (Miss. 1991)). Gaulden, as the movant, has the burden of establishing his involuntary-guilty-plea claim. *Id.* (citing *Green v. State*, 802 So. 2d 181, 184 (¶19) (Miss. Ct. App. 2001)).

¶14. The record does not support Gaulden's claim. "Great weight is given to statements made under oath and in open court during sentencing." *Berry*, 230 So. 3d at 364 (¶13). Based on the circuit court's personal observation of Gaulden's demeanor, appearance, and manner in answering its questions, the circuit court found that Gaulden pled guilty voluntarily and intelligently. The circuit court determined that Gaulden was competent to understand the nature of the charges against him. Further, the circuit court closely questioned Gaulden at the hearing to determine his mental competency and whether he was induced to plead guilty. Gaulden confirmed at the hearing that: (1) he understood he was giving up his right to have his case go to a grand jury; (2) he was literate and obtained an eleventh grade education and a GED; (3) he was not under the influence of any intoxicating drugs or alcohol; (4) he had talked with his attorney about the charges he was facing and the

6

best thing for him to do in this case; and (5) no one had threatened or induced him to plead guilty.

¶15. The circuit court also ensured that Gaulden understood the nature and consequences of his guilty pleas by: (1) discussing the maximum and minimum penalties provided by law; (2) explaining that by pleading guilty Gaulden was giving up the rights to vote, serve on a jury, and have firearms; and (3) informing Gaulden that by pleading guilty he was waiving his constitutional rights to a jury trial, to confront the witnesses against him, and avoid self-incrimination.

¶16. The circuit court was likewise careful to ensure that Gaulden understood the factual basis for each of the charges against him.[3] The State described the factual basis for the aggravated-assault charge, explaining that Gaulden attacked a jailer by pushing her, beating her with a sock containing dominoes, and stabbing her with a shank that he made from a toothbrush and a pen. He then got a can of mace and sprayed the jailer's entire body. After hearing the State's description, Gaulden confirmed three times that he was guilty of the charge.

¶17. Gaulden was given the opportunity to speak before his sentencing. He apologized for assaulting the jailer and expressed his frustration at being unable to get medical treatment for his scabies. Although he said he wanted to be sent up to the penitentiary as soon as possible

---

[3] Gaulden does not claim there was an inadequate factual basis for his guilty pleas to unlawful possession of a motor vehicle.

7

to get the scabies treated, he did not indicate in any way that he pled guilty so he could receive treatment. Gaulden answered "[n]o, sir" when expressly asked at his hearing whether anyone had threatened him to get him to plead guilty, or offered him any money or held out any hope or promise of reward to get him to plead guilty. Additionally, Gaulden provided no affidavits or other evidence to support his claims, and he does not explain why he could not provide any supporting affidavits or evidence. Thus, even if this issue was not procedurally barred, it would be meritless.

### III.    Sufficiency of the Aggravated-Assault Charge

¶18.    Gaulden argues that the aggravated-assault charge in the bill of information was deficient because the charge did not allege the use of a deadly weapon. The aggravated-assault charge in the bill of information alleged that "[i]n Amite County, Mississippi, on or about May 24, 2013, . . . GAULDEN . . . wilfully, unlawfully, feloniously[,] and purposely . . . assault[ed] and attempt[ed] to cause serious bodily injury to [a jailer acting in the scope of her duty] by beating her . . . against the peace and dignity of the State of Mississippi." On its face, the bill of information sufficiently charged Gaulden with aggravated assault on a jail officer under section 97-3-7(2)(a) and (b). The bill specifically described Gaulden's "attempt to cause serious bodily injury to" a jailer acting in the scope of her duties, as covered under section 97-3-7(14).[4]

---

[4] Section 97-3-7(14) lists the persons and circumstances covered by section 97-3-7(2)(b), which provides that "a person convicted of aggravated assault upon any of the persons listed in subsection (14) of this section under the circumstances enumerated in

8

¶19.   Gaulden's assertion that the bill of information had to include an allegation that he used a deadly weapon is not supported by the plain language of section 97-3-7(2). The statute sets out three circumstances in which someone is guilty of aggravated assault. Only one of the circumstances involves the use of a deadly weapon. Even in that situation, the use of a deadly weapon is not always an essential element of the crime. *See* Miss. Code Ann. § 97-3-7(2)(a)(i)-(iii).  In relevant part, section 97-3-7(2)(a) provides:

> A person is guilty of aggravated assault if he (i) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly[,] or recklessly under circumstances manifesting extreme indifference to the value of human life; (ii) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (iii) [circumstances not relevant here].

¶20.   The bill of information described the circumstances contemplated in section 97-3-7(2)(a)(i): a knowing "attempt[] to cause serious bodily injury to another . . . under circumstances manifesting extreme indifference to the value of human life." The charge also is encompassed in section 97-3-7(2)(a)(ii), which describes an attempt to cause "bodily injury to another with a deadly weapon **or other means likely to produce death or serious bodily harm** . . . ." (Emphasis added).  As such, even in section 97-3-7(2)(a)(ii), the use of a deadly weapon is not an essential element if the "other means" used to injure another is "likely to produce either death or serious bodily harm." Miss. Code Ann. § 97-3-7(2)(a)(ii); *see Sellers*

---

subsection (14) shall be punished by a fine of not more . . . $5,000.00 or by imprisonment for not more than thirty . . . years, or both." Section 97-3-7(14) specifically includes "any county . . . jail officer . . . when that person is acting within the scope of his duty, office[,] or employment."

9

*v. State*, 108 So. 3d 456, 459 (¶7) (Miss. Ct. App. 2012) (quoting *Jackson v. State*, 594 So. 2d 20, 24 (Miss. 1992)). The bill of information expressly described aggravated assault, so this issue is meritless.

## IV. Ineffective Assistance of Counsel

¶21. Gaulden asserts that he received ineffective assistance of counsel based on the following: (1) he was "ushered through" waiving his indictment, receiving his criminal information, pleading guilty, and being sentenced all in one day; (2) to his knowledge, his lawyer did not request discovery or prepare a defense; (3) his lawyer convinced him the quickest way to get medical attention for his scabies was to waive indictment and plead guilty; and (4) his lawyer failed to determine that Gaulden pled guilty to a defective bill of criminal information.

¶22. To prove his ineffective-assistance claim Gaulden must show: "(1) his attorney's performance was deficient, and (2) this deficiency deprived him of a fair trial." *Vitela v. State*, 183 So. 3d 104, 107 (¶13) (Miss. Ct. App. 2015); *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). "There is a strong presumption that counsel's performance falls within the range of reasonable professional assistance." *Thompson v. State*, 78 So. 3d 939, 941 (¶4) (Miss. Ct. App. 2012). In order to overcome this presumption, Gaulden must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* (quoting *Madden v. State*, 991 So. 2d 1231, 1236-37 (¶23) (Miss. Ct. App. 2008)). "Further, the Mississippi Supreme Court has held that

10

where a PCR movant offers only his own affidavit in support of an ineffective-assistance-of-counsel claim, such evidence is insufficient to meet the pleadings requirements of Mississippi Code Annotated section 99-39-9(1)(e) [(Rev. 2015)]." *Id.* at 941 (¶5) (citing *Brooks v. State*, 573 So. 2d 1350, 1354 (Miss.1990)). Further, though a petitioner's obligation to provide affidavits other than his own "may be excused by a showing that the petitioner has good cause for failing to obtain those affidavits" (*Walden v. State*, 201 So. 3d 1042, 1045 (¶14) (Miss. 2016)), Gaulden made no showing of good cause for his failure to do so here.

¶23. Gaulden fails to provide any evidence other than his own affidavit to support his ineffective-assistance claim. He has therefore failed to meet the statutory pleading requirements necessary to demonstrate that his lawyer was ineffective under *Strickland*. Gaulden, in fact, confirmed under oath that he had talked with his attorney about the charges and the options that were available. Gaulden further affirmed that no one made any promise to induce him to plead guilty. Plus, the bill of information adequately charged Gaulden with aggravated assault, so his lawyer was not ineffective for declining to challenge it. As the Mississippi Supreme Court has observed, "[c]ounsel, of course, cannot be faulted for failing to challenge the validity of valid indictments." *Brooks*, 573 So. 2d at 1354. That same observation applies here.

¶24. Finally, Gaulden has not demonstrated that any of his lawyer's alleged deficiencies deprived him of a fair trial. On the contrary, Gaulden affirmed three times at his plea hearing

11

that he was guilty of the aggravated-assault charge, and he apologized for assaulting the jailer. We find nothing in the record to support the proposition that but for his lawyer's alleged deficiencies, Gaulden would have insisted on going to trial instead of pleading guilty. For all the reasons stated, Gaulden's ineffective-assistance-of-counsel claim lacks merit.

## V.     Multi-Count Bill of Information

¶25.    Gaulden asserts that the circuit court denied him due process when it admitted the multi-count bill of information, allegedly in violation of Rule 7.07.[5] According to Gaulden, the events that led to the aggravated-assault charge occurred several weeks after the events that led to the two charges for unlawful possession of a motor vehicle. Gaulden reasons that the three charges should not have been listed in the same bill of information because they were not part of a common scheme or plan.

¶26.    Gaulden is procedurally barred from raising this issue on appeal. By voluntarily and knowingly entering his guilty pleas, he waived all technical and non-jurisdictional issues. *See Brooks*, 573 So. 2d at 1353-54; *Miller v. State*, 973 So. 2d 319, 321-22 (¶¶8-9) (Miss. Ct. App. 2008) (valid guilty plea waived argument that multi-count indictment was defective by failing to include statutory language equivalent to Rule 7.07); *McClurg v. State*, 758 So. 2d 473, 478-79 (¶17) (Miss. Ct. App. 2000) (valid guilty plea waived claim that an

---

[5] Rule 7.07, which was in effect at the time of Gaulden's plea hearing, provided that "[t]wo or more offenses. . . may be charged in the same information with a separate count for each offense if: 1) the offenses are based on the same act or transaction; or 2) the offenses are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

indictment was defective because it did not comply with Rule 7.07 regarding multi-count indictments); *Bell v. State*, 754 So. 2d 492, 495-96 (¶¶8-9) (Miss. Ct. App. 1999) (knowing and voluntary guilty plea waived claim that multi-count indictment was improper because it charged separate crimes occurring several months apart and involving two different victims).

¶27.    Based upon the foregoing, we affirm the circuit court's summary dismissal.[6]

¶28.    **AFFIRMED.**

     **LEE, C.J., GRIFFIS, P.J., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

[6] Mississippi Code Annotated section 99-39-11(2) (Rev. 2015) provides that "[i]f it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified."