967 So.2d 678 (2007)
Tyree STATEN a/k/a Tryee W. Staten a/k/a Tyree Wyshawn Staten, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01660-COA.
Court of Appeals of Mississippi.
October 30, 2007.
*679 Tyree Staten, appellant, pro se.
Office of the Attorney General by Stephanie Breland Wood, attorneys for appellee.
Before KING, C.J., CHANDLER and CARLTON, JJ.
CARLTON, J., for the Court:
¶ 1. This case comes before the Court on appeal from the April 13, 2005, judgment of the Clarke County Circuit Court denying Tyree Staten's motion for post-conviction relief. Finding no error, we affirm the judgment.

FACTS
¶ 2. A Clarke County grand jury indicted Tyree Staten on August 26, 1998, for the armed robbery of Carla's Dixie Gas in Quitman, Mississippi. Staten pled guilty on November 3, 1998, in exchange for a sentence of twenty years, with sixteen years suspended, and a five-year term of probation. Receiving credit for time served in jail before his sentencing, Staten completed the portion of his sentence he was ordered to serve and was released from jail on December 9, 2001. Staten's probation officer filed a petition on August 16, 2004, to revoke Staten's probation after Staten pled guilty to several misdemeanors, failed to report to his probation officer for the month of July 2004, failed to pay restitution and court costs as required under his plea agreement, and failed to pay his probation supervision fee. The misdemeanors Staten pled guilty to included domestic violence, trespassing, carrying a concealed weapon, and driving a car without insurance. An earlier petition to revoke Staten's probation filed by his probation officer was apparently withdrawn after Staten was found to be in compliance with his probation requirements. After a September 1, 2004, revocation hearing, the circuit court revoked Staten's probation, requiring that he serve the remaining sixteen years of his twenty-year sentence.
¶ 3. On August 15, 2005, Staten filed a motion in the Clarke County Circuit Court to vacate his conviction and sentence or to reinstate probation, arguing that the court unlawfully revoked his probation and denied him due process at his hearing. The circuit court treated his motion as a motion for post-conviction collateral relief and denied it on April 13, 2006. Staten appealed and maintains that the revocation of his probation was unlawful because the lower court did not inform him that he had a *680 right to court-appointed counsel at his revocation hearing. He also claims that because of his mental history he was unable to defend himself effectively at the hearing, that his girlfriend provoked the domestic violence incident, that his probation officer waited too long to file the petition to revoke his probation, and that the lower court failed to inform him of his right to appeal the decision of the lower court.

DISCUSSION
¶ 4. "In reviewing a trial court's decision to deny a motion for post-conviction relief the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous." Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct. App.2002).
¶ 5. Staten's primary argument is that the circuit court denied him due process by failing to appoint counsel for him at his probation revocation hearing. For probation revocation hearings, this Court has recognized minimum due process standards as required by Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), including:
(1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer finds good cause for not allowing such confrontation); (5) a neutral and detached hearing body or officer; and (6) a written statement by the fact finder as to the evidence relied on and reasons for revoking the probation.
Payton v. State, 845 So.2d 713, 719(¶ 22) (Miss.Ct.App.2003). Staten received a notice on August 30, 2004, that he had a probation revocation hearing on September 1, 2004. Staten signed this notice, stating that he had read and fully understood it. That same day, he also signed a preliminary probation revocation hearing guide, which enumerated the probation violations he was being accused of. Staten acknowledged on this form that he understood what rights he had at the preliminary hearing regarding being represented by counsel, calling witnesses, and cross-examining witnesses.
¶ 6. Staten's revocation hearing afforded him the opportunity to hear the evidence against him, to testify on his own behalf, and to confront the witnesses against him before the Circuit Court of Clarke County. The record shows that Staten testified on his own behalf at the hearing, and, with the help of the judge, he cross-examined the probation officer. Staten also had a neighbor in the courtroom who testified on his behalf.
¶ 7. Staten claims that the lower court denied him due process by not informing him that he had a right to request court-appointed counsel for his revocation hearing. This Court has recognized that probationers do not necessarily have a right to counsel at probation revocation hearings. Riely v. State, 562 So.2d 1206, 1209 (Miss.1990) (citing Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 26, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)). When the issues relevant to the hearing are complex or difficult to develop, the court should appoint counsel for the probationer. Riely, 562 So.2d at 1209 (quoting Gagnon v. Scarpelli, 411 U.S. at 790-91, 93 S.Ct. 1756). Also, when the probationer makes a timely and plausible claim that he did not commit the violations of his probation or that there are substantial mitigating factors which are complex or difficult to present and which should excuse his violations, the *681 court should appoint an attorney for him. Gagnon, 411 U.S. at 790, 93 S.Ct. 1756.
¶ 8. The issues relevant to Staten's probation revocation were neither complex nor difficult to present. As the State points out, the decision to revoke Staten's probation turned simply on whether or not he committed the violations of which he was accused. Staten admitted guilt to several misdemeanors before the petition to revoke his probation was filed and again at his revocation hearing. He argues that there were mitigating factors, but only as related to the domestic violence charge and his failure to pay his probation supervision fees and restitution. Those were, however, only two of the violations that caused the judge to revoke Staten's probation. Moreover, "[p]robation may be revoked upon a showing that a defendant `more likely than not' violated the terms of probation." Graham v. State, 952 So.2d 1040, 1044(¶ 6) (Miss.Ct.App.2007) (citing McClinton v. State, 799 So.2d 123, 128(¶ 9) (Miss.Ct.App.2001)).
¶ 9. A probationer is also entitled to a court-appointed attorney at a probation revocation hearing if it is also a deferred sentencing hearing. Crowell v. State, 801 So.2d 747, 749(¶ 6) (Miss.Ct.App.2000) (citing Mempa v. Rhay, 389 U.S. 128, 137, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967)). Staten was sentenced when he pled guilty, so this rule would not apply to his particular situation. Although Staten never requested counsel, the judge at Staten's revocation hearing explained that his understanding of the law was that he was not required to appoint counsel for Staten at the hearing. He also explained that Staten had a right, if he wished, to hire an attorney to represent him at the hearing, even offering to postpone the hearing in order to allow Staten time to hire an attorney. Staten chose to go forward with the hearing without hiring an attorney.
¶ 10. Staten further argues that his history of mental illness prevented him from being able to effectively defend himself against the charges that he violated the terms of his probation. He claims that his mental illness kept him from understanding his rights and from presenting mitigating evidence on his own behalf and that he was incapable of speaking effectively for himself. Staten asserts that a court-appointed lawyer could have called doctors to testify as to his mental illness, which he feels would have militated against revoking his probation. Staten testified at his plea and sentencing hearing, however, that he understood the difference between right and wrong. He also told the judge at his revocation hearing that he understood the charges against him. At his revocation hearing, Staten made an issue of his mental illness only as it related to his failure to pay restitution and supervision fees, claiming that he was unable to work because of his illness. Furthermore, the court is not required to inquire into a person's competency absent reasonable grounds to believe he is incompetent. Thorn v. State, 815 So.2d 455, 457(¶ 5) (Miss.Ct.App.2002) (citing Edwards v. State, 800 So.2d 454, 466 (¶ 33-34) (Miss.2001)).
¶ 11. Staten argues that his probation officer knew of the charges against him for months before bringing the petition to revoke his probation and that the probation officer's delay made the process fundamentally unfair. Staten's probation officer testified in court, though, that he filed the petition to revoke Staten's probation in August after Staten failed to report to him for the month of July and after learning that Staten had pled guilty to the misdemeanors. Finally, Staten argues that the court should have informed him that he had a right to appeal the ruling, but Staten's *682 rights clearly were not affected by that omission.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF CLARKE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLARKE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.