LEE, C.J.,
for the Court:
PROCEDURAL HISTORY AND FACTS
¶ 1. On November 17, 1997, Jerry Don Fairley pleaded guilty in the Forrest County Circuit Court to armed robbery. Fairley was sentenced to twenty years, with ten years to serve in the custody of the Mississippi Department of Corrections (MDOC), ten years suspended, and five years of probation with conditions. Fair-ley served his ten years and was released on or about July 15, 2007. On April 21, 2009, an affidavit was filed in the circuit court charging Fairley with several probation violations. During a hearing on May 27, 2009, Fairley admitted to two probation violations. The trial court revoked Fair-ley’s suspended sentence and ordered him to serve the remaining ten years of his sentence.
¶2. On May 10, 2012, Fairley filed a motion to dismiss his revocation. Treating Fairley’s motion as a motion for post-conviction relief (PCR), the trial court denied Fairley’s motion. Fairley now appeals, asserting the trial court erred in denying his motion for relief.
STANDARD OF REVIEW
¶ 3. When reviewing a trial court’s denial or dismissal of a PCR motion, we will only disturb the trial court’s decision if it is clearly erroneous; however, we review the *282 trial court’s legal conclusions under a de novo standard of review. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012).
DISCUSSION
¶ 4. Fairley argues on appeal that the trial court erred in denying his motion for relief. Fairley contends his probation was not properly revoked because he was never indicted for or convicted of any crime. However, “a conviction is not necessary to revoke probation. Probation may be revoked upon a showing that the defendant ‘more likely than not’ violated the terms of probation.” Younger v. State, 749 So.2d 219, 222 (¶ 12) (Miss.Ct.App.1999) (internal citation omitted). During the revocation hearing, Fairley was charged with violating the conditions of his probation by failing to pay his monthly supervision fee and by being charged with new crimes — manufacturing controlled substances and possession of precursor chemicals and controlled substances. Fairley denied the possession charge but admitted to the other charge. Fairley also admitted that he failed to pay his fee and was $300 in arrears.
¶5. The terms of Fairley’s probation state that “[the] defendant shall hereafter commit no offense against the laws of this or any state” and that he was required to pay supervision fees of twenty dollars per month. It appears the trial court had sufficient information to revoke Fairley’s suspended sentence. We find this issue to be without merit.
¶6. In a motion filed during the pendency of this appeal, Fairley contends he was not informed of the conditions of his probation during his plea colloquy. Fairley states the transcript from his plea hearing would prove his claim. In an order dated October 8, 2013, the supreme court treated Fairley’s motion as a supplement to his brief and passed it for consideration with the merits of Fairley’s appeal. However, the record contains a copy of Fairley’s probation order, which outlines the conditions of Fairley’s probation. The last page of the order states, “I accept the above probation in accordance with the terms thereof,” followed by Fairley’s signature. Since Fairley was informed of the conditions of his probation, we find his motion is without merit, and we deny relief.
¶ 7. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.