## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2012-CP-01485-COA

SHAWN ANTONIO JACKSON A/K/A SHAWN                  APPELLANT
JACKSON A/K/A SHAWN A. JACKSON

v.

STATE OF MISSISSIPPI                                         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/11/2013 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SHAWN ANTONIO JACKSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | POST-CONVICTION-RELIEF MOTION DENIED |
| DISPOSITION: | REVERSED AND REMANDED - 05/05/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES, CARLTON AND JAMES, JJ.

### BARNES, J., FOR THE COURT:

¶1. Shawn Antonio Jackson pled guilty to several counts of transfer of a controlled substance and possession with intent to distribute a controlled substance. He was originally sentenced to twenty years to serve. This sentence was subsequently reduced to twelve years to serve. The State convinced the circuit court that the court lacked jurisdiction to reduce Jackson's sentence and that Jackson's only recourse was to seek the reduction through a post-conviction-relief (PCR) motion. The circuit court then reinstated Jackson's twenty-year sentence, and Jackson filed the PCR motion.

¶2. This motion was ignored for over eleven years until Jackson amended and/or supplemented it with the specific argument that the circuit court had possessed jurisdiction to reduce his sentence. Rather than address the merits of this argument, the State argued that Jackson had not obtained permission to supplement his PCR motion and that it was untimely. The circuit court agreed and denied the motion and supplemental motion on procedural grounds. It is from this order that Jackson appeals.

¶3. We find that the amended and/or supplemental motion raised an issue under the intervening decision in *Presley v. State*, 792 So. 2d 950 (Miss. 2001), that should have been considered on the merits. We remand for a determination of whether the circuit court's decision to reduce Jackson's sentence to twelve years should be reinstated.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶4. On March 30, 2001, Jackson pled guilty and was sentenced in the Harrison County Circuit Court to twenty years to serve for transfer of a controlled substance and possession with intent to distribute a controlled substance. That same day, the last day of that term of court, Jackson moved to reduce his sentence and to carry the motion from term to term. The circuit court granted the motion to carry the motion from term to term.

¶5. On June 14, 2001, the Mississippi Supreme Court issued its opinion in *Presley*, 792 So. 2d at 953 (¶13), holding that a circuit court retains jurisdiction, after a term of court has ended, to rule on motions filed during that term of court. Thereafter, on July 16, 2001, the circuit court reduced Jackson's sentence to twelve years to serve. The State moved to reconsider and convinced the circuit court that the court lacked jurisdiction to reduce

2

Jackson's sentence, since the term of court had ended, and that Jackson's only recourse was to file a PCR motion.

¶6.    On July 27, 2001, the circuit court set aside the July 16 order and re-imposed Jackson's twenty-year sentence.  Jackson then promptly filed a PCR motion on August 2, 2001.  A motion for rehearing in *Presley* was denied, and the supreme court's decision became final on August 30, 2001.[1] No action was taken on Jackson's motion for over eleven years.

¶7.    On September 10, 2012, Jackson amended and/or supplemented his post-conviction motion and argued, for the first time, that the circuit court did have jurisdiction to reduce his sentence.  On June 11, 2013, the circuit court denied the motion.  The circuit court declined to address the merits of Jackson's claim and adopted the State's argument that Jackson had failed to obtain permission to amend his post-conviction motion, and that it was time-barred as it was not filed within three years of Jackson's resentencing.

¶8.    Among Jackson's arguments on appeal is the argument that *Presley* gave the circuit court jurisdiction, after the term of court had expired, to rule on his motion, which was filed during that term of court.  The State now concedes on appeal that the circuit court had jurisdiction to reduce Jackson's sentence, but argues that this Court should ignore the merits of Jackson's claim and adopt the circuit court's rationale that the motion is procedurally barred.

## DISCUSSION

---

[1]    A timely filed motion for rehearing stays the supreme court mandate until disposition of the motion.  M.R.A.P. 41(a).

3

¶9. On review of a trial court's rulings relating to a post-conviction motion, we review findings of fact under the clearly erroneous standard and review conclusions of law de novo. *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013).

¶10. Contrary to the position it took in opposing the reduction of sentence in 2001, the State now concedes that the circuit court had jurisdiction to reduce Jackson's sentence. *See Presley*, 792 So. 2d at 953 (¶13). In *Presley*, the Mississippi Supreme Court overruled prior precedent and held that a circuit court retains jurisdiction, after a term of court ends, to rule on motions filed during that term of court. *Id.* That is precisely what happened here. Jackson's motion to reduce his sentence was filed on March 30, 2001, the last day of the term of court. That same day, the circuit court entered an order carrying the motion from term to term. When it reduced Jackson's sentence to twelve years on July 16, 2001, the circuit court had the jurisdiction to do so.

¶11. Although the State now concedes that *Presley* gave the circuit court the authority to reduce Jackson's sentence, the State argues that Jackson is procedurally barred from obtaining this reduction because: (1) he did not obtain permission to amend his PCR motion to make this argument as required by Mississippi Rule of Civil Procedure 15(d), and (2) his amended PCR motion was not filed within three years as required by Mississippi Code Annotated section 99-39-5(2) (Supp. 2014). We reject both of these contentions.

### 1. Permission to Amend

¶12. After the State convinced the circuit court that Jackson's only avenue to obtain a reduction of sentence was to file a PCR motion, Jackson did so within six days of the order

4

taking away his reduced sentence. After eleven years without a response, in 2012, Jackson filed a pro se amended and/or supplemental motion to his PCR motion asking that his reduced sentence be reinstated. While it is true that Jackson did not file a separate motion requesting permission to file the amended or supplemental pleading, our supreme court has held that where a prisoner is proceeding pro se, "his inartfully drafted pleadings will not be held to defeat a meritorious complaint." *McCreary v. State*, 582 So. 2d 425, 426 (Miss. 1991); *see also Sanders v. State*, 760 So. 2d 839, 840 (¶4) (Miss. Ct. App. 2000) (same). Here, where the State was given the opportunity to respond to the pleading, we find that the trial court abused its discretion in dismissing the pleading based upon the pro se prisoner's failure to include a separate motion for leave to amend. Rather, the trial court should have analyzed the pleading to determine whether leave to amend should have been granted.

¶13. Mississippi Rule of Civil Procedure 15(a) states leave to amend a pleading "*shall* be freely given when justice so requires." (Emphasis added.) Rule 15(d), however, states that where the party is seeking to *supplement* his pleadings with "events which have happened *since the date of the pleading*," the court "may" grant the party's motion "upon such terms as are just." (Emphasis added.) In Rule 15(a), the language is mandatory, while that of Rule 15(d) is discretionary. *See Young v. Smith*, 67 So. 3d 732, 739 (¶14) (Miss. 2011) (in construing the Mississippi Rules of Civil Procedure, "may" is discretionary while "shall" is considered mandatory). Analysis is complicated in this case as Jackson's original PCR motion was filed after the *Presley* opinion had been rendered but before the decision became final. Jackson's amended pleading, to the extent it raises the facts of the *Presley* opinion,

would thus be analyzed under Rule 15(a). However, as the supreme court mandate in *Presley* issued after Jackson had filed his PCR motion, Jackson's pleading would be a supplemental pleading analyzed under Rule 15(d) to the extent it discusses the effect of the *Presley* decision.

¶14. Regardless of whether Rule 15(a) or (d) is applied, under the unique circumstances of this case and the timing of the *Presley* decision, we see no justice in refusing to allow Jackson to amend and/or supplement his PCR motion to challenge the reinstated sentence under *Presley*. Wright and Miller's *Federal Practice and Procedure*, a leading treatise on the comparable Federal Rules of Civil Procedure, states:

> Perhaps the most important factor listed by the Court for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter a pleading. Conversely, if the court is persuaded that no prejudice will accrue, the amendment should be allowed. Thus, the facts of each case must be examined to determine if the threat of prejudice is sufficient to justify denying leave to amend.

6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1487, at 701 (3d ed. 2000). Here, the State has not alleged any prejudice will result from allowing Jackson to amend and/or supplement his PCR motion. Nothing has changed in the eleven years since the original PCR motion was filed.

¶15. Therefore, on these facts, we find the trial court abused its discretion in failing to grant Jackson permission to file his amended (or supplemental) pleading.

### 2. Timeliness of the Claim

¶16. Under Rule 15(c), if the pleading is amended, it relates back to the original, timely PCR motion filed on August 2, 2001. *See* M.R.C.P. 15(c) ("Whenever the claim . . . asserted

in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."). However,

> Rule 15 does not indicate whether or under what circumstances a *supplemental* pleading will relate back to the date of the original pleading to avoid the effect of the governing statute of limitations. [Federal] Rule [of Civil Procedure] 15(c), which provides generally for the relation back of amended pleadings, does not specifically refer to *supplemental pleadings*. Nor does Rule 15(d) make any mention of relation back; indeed, the Advisory Committee Note accompanying the 1963 amendment of [Federal] Rule 15(d) states that the Committee did not attempt to deal with the interrelationship between the statutes of limitations and supplemental pleadings.

6A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1508, at 274-75 (3d ed. 2000) (emphasis added).

¶17. Again, under the unusual circumstances of this case, it is a distinction without a difference. If Jackson's pleading is amended under Rule 15(a), the amended pleading relates back to the original PCR motion and is timely under section 99-39-5(2). However, if Jackson's pleading is considered supplemented under Rule 15(d), the claim falls within an exception to the three-year-limitation period of section 99-39-5(2). "Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate . . . [t]hat there has been an intervening decision of the Supreme Court of . . . the State of Mississippi . . . which would have actually adversely affected the outcome of his . . . sentence . . . ." Miss. Code Ann. § 99-39-5(2)(a)(i).

¶18. *Presley* became final on August 30, 2001, less than a month after Jackson's reduced sentence was vacated and he filed his original PCR motion, and years before the circuit

7

court's denial of his supplemental PCR motion. Therefore, under section 99-39-5(2)(a)(i), it constitutes an intervening decision, making Jackson's claim timely. *See Foster v. State*, 848 So. 2d 172, 175 (¶12) (Miss. 2003) ("We find that *Atkins* [*v. Virginia*, 536 U.S. 304 (2002),] is an intervening decision . . . , such that the procedural bars . . . of timeliness and successive application, are not applicable . . . .").

¶19. Because the trial court ordered that the appellate record be limited to the pleadings filed in the PCR proceedings, the present record does not contain the order reducing Jackson's sentence from twenty years to twelve years, or the reasoning upon which it was based. Something convinced the circuit court to reduce Jackson's sentence to twelve years. Because of *Presley*, we now know that the reason for re-imposing the twenty-year sentence was legally incorrect. We remand this case for the circuit court to consider, on the merits, Jackson's claim that his twelve-year sentence should be reinstated.

¶20. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. IRVING, P.J., AND CARLTON, J., CONCUR IN RESULT ONLY.**