# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00912-COA

**DEMARIO WALKER A/K/A DEMARIO D.**  **APPELLANT**
**WALKER A/K/A DEMARIO DONTEZ WALKER**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

DATE OF JUDGMENT:                05/23/2015
TRIAL JUDGE:                     HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:       JEFFERSON DAVIS COUNTY CIRCUIT
                                 COURT
ATTORNEY FOR APPELLANT:          DEMARIO WALKER (PRO SE)
ATTORNEYS FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                 BY: BILLY L. GORE
                                     JASON L. DAVIS
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:         DISMISSED MOTION FOR POST-
                                 CONVICTION RELIEF
DISPOSITION:                     AFFIRMED IN PART; REVERSED AND
                                 REMANDED IN PART - 10/18/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     This is an appeal from Jefferson Davis County Circuit Court of the dismissal of

DeMario Walker's motion for post-conviction relief (PCR) filed after his probation was

revoked and he was sentenced to serve the full five years' incarceration of his suspended

sentence for his first technical violation. We affirm in part and reverse and remand in part

for further consideration consistent with the provisions of Mississippi Code Annotated

section 47-7-37 (Supp. 2016) and this opinion.

## FACTS AND PROCEEDINGS BELOW

¶2.     On July 23, 2013, Walker pleaded guilty in Jefferson Davis County Circuit Court to the crime of false pretense under Mississippi Code Annotated section 97-19-55 (Supp. 2016). Walker was sentenced to serve five years' incarceration, with imposition suspended pending successful completion of a five-year probationary period. Walker was additionally ordered to pay $1,018.57 in restitution and fees.

¶3.     On July 13, 2014, Walker was discharged from parole for an unrelated conviction and placed on probation for his July 23, 2013 conviction. On October 14, 2014, Richard Johnson, Walker's probation officer, filed an affidavit stating that Walker violated multiple conditions of his probation. Specifically, Johnson stated in his affidavit that Walker failed to report monthly to Johnson as directed from July 2014 through October 2014, that his whereabouts were unknown, that Walker failed to pay required fees, and that Walker failed to pay restitution to Walker's victim. On October 16, 2014, the circuit court issued a warrant for Walker's arrest. Walker was later arrested in Lamar County. On March 25, 2015, Walker signed three separate waivers of his right to a preliminary probation-revocation hearing, his right to notice and a waiting period prior to his preliminary probation hearing, and his right to notice and a waiting period prior to his probation-revocation hearing.

¶4.     On March 27, 2015, Walker's probation was revoked. At Walker's revocation hearing, Walker stated that Johnson told him he was on probation and that Walker and Johnson had discussed Walker's probation starting in July 2014. Walker was sentenced to serve the full five years' incarceration of his suspended sentence. In response to the revocation of his

2

probation, Walker moved for PCR. On May 23, 2015, the circuit court dismissed Walker's motion for PCR. Walker now appeals the circuit court's dismissal of his motion for PCR to this Court.

**DISCUSSION**

¶5.     The standard of review for a denial of a motion for PCR is abuse of discretion, which this Court will not reverse unless the denial was clearly erroneous. *Jackson v. State*, 135 So. 3d 216, 218 (¶10) (Miss. Ct. App. 2014).

¶6.     On appeal, Walker argues pro se that the court lacked jurisdiction and authority to revoke Walker's probation, that Walker was denied due process at his revocation hearing, that the court's revocation of Walker's probation was improper, and that the Court's sentencing Walker to serve the full term of his suspended five years' incarceration was improper.

   **I.     Whether the court had jurisdiction and authority to revoke probation.**

¶7.     Walker asserts that the circuit court did not have jurisdiction or authority to revoke his probation because he had not begun his probation yet and was still serving sentences for other convictions issued prior to the one involved in this case.

¶8.     Mississippi Code Annotated section 47-7-37(1) states that "[t]he period of probation shall be fixed by the court, and may at any time be extended or terminated by the court, or judge in vacation." Further, it states that the court "may continue or revoke all or any part of the probation or the suspension of sentence." Miss. Code Ann. § 47-7-37(5)(a).

¶9.     The Jefferson Davis County Circuit Court was the court that initially sentenced

Walker to probation. Thus, that court retained jurisdiction to revoke Walker's probation if he violated the conditions of his probation. Walker cites no law supporting his assertion that he was not on probation at the time of the alleged violation. Failure to cite any authority may be treated as a procedural bar, and the Court is under no duty to consider the assignment of error. *Williams v. State*, 708 So. 2d 1358, 1361 (¶12) (Miss. 1998). This Court cannot find support for Walker's assertion that he was not on probation because he had not yet begun probation and was still serving sentences for other convictions. Further, Walker admitted at his hearing that his probation started in July 2014. Therefore, we find this issue is procedurally barred and without merit.

## II. Whether Walker was afforded due process at his revocation hearing.

### A. Minimum Requirements

¶10. In presenting his argument, Walker addresses each of the six prongs necessary to meet the minimum requirements for due process at a probation revocation found in *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973).[1] Walker asserts that he did not have written notice of

---

[1] The *Gagnon* Court held the requirements were as follows:

(a) Written notice of the claimed violations of probation, (b) disclosure to the probationer of the evidence against him, (c) the opportunity to be heard in person and to present witnesses and documentary evidence, (d) the right to confront and cross examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation), (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers, and (f) a written statement by the factfinder[(s)] as to the evidence relied on and reasons for revoking probation.

*Gagnon*, 411 U.S. at 786 (citing *Morrisey v. Brewer*, 408 U.S. 471, 489 (1972)).

the claimed violations of probation, that the evidence against him was not disclosed to him, that he was not given an opportunity to be heard in person and present witnesses and documentary evidence, that he was not allowed the opportunity to cross-examine Johnson, that he was not provided a written statement of the evidence relied on and the reasons for revoking probation, and that he was not afforded a neutral and detached hearing body or officer.

¶11.    Prior to his revocation hearing, Walker signed a waiver of his right to a preliminary revocation hearing. The alleged probation violations and evidence against him were listed on the waiver. At Walker's revocation hearing, the judge informed Walker of the charged probation violations against him, and the judge asked Walker if he "dispute[d] any of the allegations today or is there a misunderstanding or do you acknowledge and admit that you have violated [your probation]?" Walker only disputed whether he had started probation. Walker went on to admit that he had talked with Johnson, that Johnson told Walker he was on probation, and that the two had established that probation would start in July. Johnson was present at the hearing and available for cross-examination, but Walker chose not to cross-examine Johnson. Walker made no request for witnesses. At the hearing, Walker did reference two discharge certificates issued by the Mississippi Department of Corrections (MDOC), and the court acknowledged having the documentation in its file. Both certificates state that Walker was discharged on July 13, 2014. The circuit court issued an order in which it listed the evidence it had relied upon and gave the reasons for revoking Walker's probation.

¶12.    Walker further asserts he was not afforded a neutral and detached hearing because the circuit-court judge took on the role of prosecutor during Walker's revocation hearing by calling witnesses and putting on the State's case. Rule 1.15 of the Uniform Rules of Circuit and County Court Practice allows any party to move for the recusal of a judge "if it appears that the judge's impartiality might be questioned by a reasonable person knowing all the circumstances." Rule 1.15 also requires a motion for recusal to be filed "within 30 days following notification to the parties of the names of the judge assigned to the case." *Id*. "The failure to seek recusal generally is considered implied consent to have the judge go forward in presiding over the case." *Rice v. State*, 134 So. 3d 292, 299 (¶17) (Miss. 2014) (citing *Tubwell v. Grant*, 760 So. 2d 687, 689 (¶8) (Miss. 2000)). The record reflects that Walker never requested the circuit judge recuse himself from the revocation hearing. Because Walker never raised the issue of recusal before the circuit court, he consented to have the judge preside over the revocation hearing. Thus, any argument that the circuit-court judge should have been recused is waived.

¶13.    Notwithstanding the procedural bar, the propriety of the judge's sitting is decided by the judge and subject to review only in a case of manifest abuse of discretion. *Hubbard v. State*, 919 So. 2d 1022, 1026 (¶12) (Miss. Ct. App. 2005) (quoting *Collins v. Joshi*, 611 So. 2d 898, 901 (Miss. 1992)). At the revocation hearing, the circuit-court judge recited the allegations to Walker and asked if Walker "dispute[d] any of the allegations today or is there a misunderstanding or do you acknowledge and admit that you have violated [your probation]?" After Walker made his case, the judge asked if Johnson "[had] anything to

6

add[.]" The circuit-court judge did not prosecute for the State when he recited the allegations, asked Walker if he disputed or admitted them or if there was some mistake, and asked Johnson if he had anything to add. Therefore, we find that these claims are without merit.

### B. Presence of Counsel at a Probation-Revocation Hearing

¶14. Walker asserts that he was denied counsel at his revocation hearing. Walker further asserts that he required counsel because his history of mental illness prevented him from being able to effectively defend himself against the charges that he violated the conditions of his probation. However, probationers do not have a per se right to counsel at probation-revocation hearings. *Riely v. State*, 562 So. 2d 1206, 1209 (Miss. 1990) (citing *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26 (1981) (citing *Gagnon*, 411 U.S. at 778)). When the issues relevant to the hearing are complex or difficult to develop, the court should provide counsel. *Id*. "The court is not required to inquire into a person's competency absent reasonable grounds to believe that he is not competent." *Staten v. State*, 967 So. 2d 678, 681 (¶10) (Miss. Ct. App. 2007) (citing *Thorn v. State*, 815 So. 2d 455, 457 (¶5) (Miss. Ct. App. 2002) (citing *Edwards v. State*, 800 So. 2d 454, 466 (¶¶33-34) (Miss. 2001))).

¶15. Walker's probation officer alleged that Walker did not report to him for four consecutive months, and that Walker did not pay the required fees or restitution. The documents cited by Walker at his revocation hearing were before the court and confirm that he had been discharged by MDOC on July 13, 2014. Further, Walker admitted that Johnson had told Walker he was on probation, and Walker admitted that he and Johnson established that probation started in July 2014. The issues relevant to the case were not difficult or

complex to develop.

¶16.    Walker claims that he has a long history of mental illness and that that mental illness should have been considered when evaluating the complexity of the issues. As evidence of Walker's mental illness, he claims that he was hospitalized throughout his entire thirteen-year period of incarceration with the MDOC. Upon review of the record, no mental illness was ever raised before the circuit court, let alone "any reasonable grounds to believe that [Walker] is not competent." *Staten*, 967 So. 2d at 681 (¶10). Even more, there is no indication anywhere in the entire record of Walker's alleged mental illness or hospitalization, other than his own brief. Regardless, Walker made no mention of his mental illness at his revocation hearing and, as noted above, the court is not required to inquire into a person's competency absent reasonable grounds to believe he is incompetent. *Id*. We find these claims are without merit.

### III.    Whether revocation of Walker's probation was proper.

¶17.    Walker asserts that revocation of his probation was not proper because he was not on probation, because the court failed to take into account his education and work experience, because the court's actions were arbitrary and capricious, and because he substantially complied with the terms of his probation. For probation revocation to be proper, the State is only required to prove that the probationer "more likely than not" violated the terms of his probation. *Braziel v. State*, 186 So. 3d 424, 427 (¶14) (Miss. Ct. App. 2016) (citing *Fairley v. State*, 138 So. 3d 280, 282 (¶4) (Miss. Ct. App. 2014)).

¶18.    Revocation of Walker's probation was proper based upon Walker's conduct. Walker

8

did not report to his probation officer and did not pay the requisite fees and restitution. At his hearing he did not dispute any of these facts, only whether or not he was on probation. Walker subsequently admitted at his hearing that Johnson told him he was on probation, and that he and Johnson established that his probation started in July 2014. By Walker's own admission, he did, in fact, violate the conditions of his probation. Walker did reference two discharge certificates issued by the MDOC, and the court acknowledged having the documentation in its file. Both certificates stated that Walker was discharged on July 13, 2014. On appeal, Walker references an MDOC prisoner time sheet as proof that he was on parole and not probation. The time sheet Walker references states that he was released on probation on July 13, 2014. Based on these facts, we find that Walker "more likely than not" violated his probation. Thus, revocation of Walker's probation was proper. *Braziel*, 186 So. 3d at 427 (¶14). Thus, we find this claim is without merit.

### IV. Whether the court's sentencing Walker to serve the full five-year term of his suspended sentence was proper.

¶19. Walker asserts that being sentenced to serve the full five years' incarceration of his suspended sentence was excessive. Mississippi Code Annotated section 47-7-37(5)(a) states that "[i]f the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed *ninety days* for the first technical violation."[2] (Emphasis added). "'Technical violation' means an act or omission by the probationer that violates a condition or conditions

---

[2] This statute was amended by the Mississippi Legislature during the 2014 regular session, and those amendments were made effective July 1, 2014. *See* 2014 Miss. Laws ch. 457, § 58 (H.B. 585).

9

of probation placed on the probationer by the court or the probation officer." Miss. Code Ann. § 47-7-2(q) (Rev. 2015).[3] Based on this Court's review of the record, this is Walker's first technical violation of his probation. Thus, Walker should have been sentenced to not more than ninety days in a technical-violation center or restitution center, not to the full term of his suspended sentence of five years' incarceration. Therefore, we reverse and remand to the circuit court on this issue for resentencing consistent with the provisions of section 47-7-37.

## CONCLUSION

¶20.    We affirm the circuit court's judgment revoking Walker's probation. We reverse and remand for resentencing consistent with Mississippi Code Annotated section 47-7-37.

¶21.    **THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON DAVIS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON DAVIS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**

---

[3] This statute was also amended by the Mississippi Legislature during the 2014 regular session and those amendments were made effective July 1, 2014. *See* 2014 Miss. Laws ch. 457, § 47 (H.B. 585).