# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01367-COA

**ROBERT K. DUNCAN A/K/A ROBERT DUNCAN A/K/A ROBERT KENNETH DUNCAN**                APPELLANT

**v.**

**STATE OF MISSISSIPPI**                APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/2015 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT K. DUNCAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | APPEAL DISMISSED - 10/17/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Robert K. Duncan appeals from the judgment of the Jackson County Circuit Court, denying his motion for post-conviction relief (PCR). Because Duncan's appeal was not timely filed, we dismiss for lack of jurisdiction.

FACTS

¶2.     In February 2000, Duncan pleaded guilty to armed robbery in violation of Mississippi Code Annotated section 97-3-79 (Rev. 2014). The circuit court sentenced him to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with eight years to serve without parole or early release, and the final seven years to be served on post-release

supervision.[1]

¶3.     In August 2012, while out of prison on post-release supervision, Duncan was arrested in Neshoba County for burglary of a dwelling.[2]  The State filed an order of revocation, charging that Duncan had violated several conditions of his probation.  On October 3, 2012, the circuit court held a revocation hearing, wherein Duncan admitted before the court that he had committed the crimes set forth in the order of revocation, and waived his right to require the State to prove the allegations set forth in the order of revocation.  Consequently, the court revoked Duncan's post-release supervision and required him to serve the remaining seven years of his sentence for armed robbery in the custody of the MDOC.

¶4.     On October 2, 2014, Duncan filed a PCR petition, in which he argued that (1) his post-release supervision was unlawfully revoked; (2) there existed evidence of material facts not previously presented requiring vacation of his sentence; (3) his plea was made involuntarily; and (4) his sentence was wrongly revoked on the basis of nonpayment of fines.[3]  On March 6, 2015, the circuit court denied Duncan's motion on the basis that he, in open court, admitted that he had violated the terms of his post-release supervision and had waived his right to require the State to prove the charges against him.  The court held that Duncan had "more likely than not" violated the terms of his probation, pursuant to *Fairley v. State*, 138 So. 3d 280, 282 (¶4) (Miss. Ct. App. 2014) (quoting *Younger v. State*, 749 So.

---

[1] The circuit court ordered that this sentence run consecutively to a sentence that Duncan was already serving in Neshoba County on a separate grand-larceny charge.

[2] The Neshoba County grand jury did not return an indictment.

[3] Duncan does not argue this final issue on appeal.

2

2d 219, 222 (¶12) (Miss. Ct. App. 1999)).

¶5. The record indicates that on July 5, 2015, Duncan wrote a letter to the circuit-court clerk, stating that he had not heard anything regarding the PCR motion he had filed on October 2, 2014, and inquiring about its status. The record further indicates that on July 10, 2015, Duncan received a copy of the circuit court's order denying his PCR motion, which the circuit clerk sent him following receipt of his July 5, 2015 letter. On August 18, 2015, Duncan signed a motion for leave to file an out-of-time appeal, asserting that he had not received notice of the denial of his PCR motion until July 10, 2015. This motion was not filed with the Jackson County Circuit Clerk until September 8, 2015. A notice of appeal was also filed on September 8, 2015.

¶6. The circuit court entered an order on October 7, 2015, granting Duncan's motion for leave to file an out-of-time appeal. In its order, the circuit court mistakenly provided that Duncan "was not mailed a copy of the order denying his [PCR] [m]otion until approximately September 8, 2015," which contrasts with Duncan's assertion that he received notice of his PCR motion's denial on July 10, 2015. The circuit court reopened the time for Duncan to file an appeal, pursuant to Rule 4(h) of the Mississippi Rules of Appellate Procedure. Duncan filed another notice of appeal on November 3, 2015.

DISCUSSION

¶7. Rule 2(a)(1) of the Mississippi Rules of Appellate Procedure provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5." Rule 4(a) of the Mississippi Rules of Appellate Procedure provides that a notice of

3

appeal pursuant to Rule 3 of the Mississippi Rules of Appellate Procedure must be filed within thirty days after the date of the entry of the judgment being appealed. Rule 4(h) provides that a trial court may reopen the time for an appeal in limited circumstances:

> The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

M.R.A.P. 4(h).

¶8. Duncan did not file his motion for an out-of-time appeal within the prescribed seven days of receipt of notice that his PCR motion had been denied. In his motion for leave to file an out-of-time appeal, Duncan asserts that he received a letter on July 10, 2015, informing him of the March 6, 2015 judgment. However, Duncan did not execute his motion until August 18, 2015, and the motion was not filed until September 8, 2015. While the circuit court held that Duncan both received notice of the judgment and filed a notice of appeal on September 8, 2015, such a holding was erroneous. The record includes an envelope postmarked July 10, 2015; in his motion, Duncan asserts that this envelope contained the order informing him that his PCR motion had been denied. As such, Duncan should have filed his motion for an out-of-time appeal within seven days of July 10, 2015, and his failure to do so renders his motion untimely under Rule 4(h).

¶9. Further, Duncan's appeal is barred because, after the circuit court reopened the time

4

for Duncan to file an appeal[4] on October 7, 2015, he did not file a notice of appeal within the allotted fourteen-day time period. Rather, the record reflects that Duncan signed his notice of appeal[5] on October 26, 2015, and filed it on November 3, 2015, outside of the fourteen-day time period. The fact that Duncan had already filed a notice of appeal on September 8, 2015, is inconsequential because such was untimely, and he had not yet obtained leave to file an untimely appeal.

¶10.    In *Deloach v. State*, 890 So. 2d 852, 854 (¶11) (Miss. 2004), our Mississippi Supreme Court reiterated the premise that

> [w]hether a trial court has authority to remedy the failure to file timely a notice after the time set by the rules for filing a notice of appeal had expired is doubtful. *Coleman v. State*, 804 So. 2d 1032, 1037 [(¶22)] (Miss. 2002). However, [appellate courts] may grant an out-of-time appeal "where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court." *Jones v. State*, 355 So. 2d 89, 90 (Miss. 1978). [Appellate courts] may suspend Rules 2 and 4 "when justice demands" to allow an out-of-time appeal in criminal cases. *Fair v. State*, 571 So. 2d 965, 966 (Miss. 1990).

(Quoting *McGruder v. State*, 886 So. 2d 1, 2 (¶4) (Miss. 2003)). There is no evidence in the record to suggest that Duncan was aware of the disposition of his PCR motion prior to July 10, 2015, and he cannot be faulted for not perfecting his appeal within thirty days of the March 6, 2015 decision, as required by our rules. However, Duncan was not without fault,

---

[4] As we discuss later in this opinion, the circuit court did not have the authority to allow an out-of-time appeal.

[5] There was no date on the actual notice of appeal itself. However, the notice of appeal was page one of two. Duncan signed the second page—a "Designation of Records"—and dated it October 26, 2015. As such, we deduce that Duncan signed the notice of appeal on October 26, 2015.

as he did not pursue a remedy within the time constraints of our appellate rules. He was not only untimely in filing his motion for an out-of-time appeal, but also untimely in perfecting his appeal after the trial court granted him the right to commence an out-of-time appeal. While the trial court was without authority, pursuant to the provisions of Rule 4(h), to reopen the time for the appeal because Duncan's motion was filed more than seven days after he received a copy of the order denying his PCR motion, we may, pursuant to Rule 2 of the Mississippi Rules of Appellate Procedure, grant such a right for good cause shown. However, based upon the facts here, we do not find that justice demands that we allow Duncan's out-of-time appeal. Accordingly, we dismiss this appeal for lack of jurisdiction.

¶11. **APPEAL DISMISSED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. TINDELL, J., NOT PARTICIPATING.**